[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT COUNSEL FEES POST JUDGMENT DATED FEBRUARY 1, 2000 (#132)
The marriage of the parties was dissolved by the court on May 2, 1997 (Brennan, STR). The parties had entered into a written agreement of even date entitled "Marital Settlement Agreement". The court found the agreement to be fair and equitable and incorporated it by reference into the Judgment. The Judgment itself includes all of the salient provisions of the agreement.
On February 2, 2000 the plaintiff filed the instant motion seeking the relief specified therein. The court heard the testimony of the parties and their witnesses, on April 3, 2000 and oral argument of counsel on April 7, 2000. The court has reviewed the testimony and documentary evidence together with post-hearing memorandums filed by counsel and makes the following findings and enters the following orders.
The parties were married for 24 years. The defendant was the former deputy fire chief for the Town of West Hartford. The defendant's pension was a significant portion of the marital assets. The defendant's pension could not be subject to a QDRO. The relevant portions of the agreement read as follows:
"8. ALIMONY.
(a) The Defendant shall pay the Plaintiff the sum of $200 per week as alimony until June 1, 1997 when alimony shall increase to $250 per week until July 1, 1997 when alimony shall increase to $350 per week for 8 weeks. Thereafter, the Defendant shall pay the Plaintiff the sum of $250 per week. All alimony CT Page 10500 payments made pursuant to this paragraph 8(b) shall be non-modifiable and shall terminate upon the Defendant's death, the Plaintiff's death, remarriage, or cohabitation as defined by statute or the Defendant's retirement from the West Hartford Fire Department whichever occurs first.
 (b) Notwithstanding the fact that alimony provided for above may have terminated due to the Plaintiff's remarriage or cohabitation, upon his retirement from the West Hartford Fire Department, the Defendant shall pay the Plaintiff $1,500 per month as alimony until the death of either of them. Said alimony shall be secured by a contingent wage execution. Said alimony shall be otherwise non-modifiable as to term or amount regardless of remarriage or cohabitation by the Plaintiff. The parties intend said payments to be deductible by the Defendant and includable by the Plaintiff for income tax purposes.
 (c) The Defendant shall maintain the Plaintiff as his contingent beneficiary for the purposes of his West Hartford Fire Department Pension until his retirement as long as she is eligible under that plan and shall name her as his contingent annuitant upon his retirement unless his then — Plaintiff refuses to waive her right to that designation.
14. LIFE INSURANCE.
(a) The Defendant shall maintain insurance in the amount of $250,000 on his own life for the benefit of the Plaintiff until her death or until he has retired from the West Hartford Fire Department and named the Plaintiff as his 50% contingent annuitant on his West Hartford Fire Department pension which designation shall be irrevocable, provided that, in the event that the Plaintiff receives a widow or survivor benefit upon the Defendant's death, she shall disclaim the life insurance benefits required under this provision so that the Defendant's contingent beneficiary(s) shall receive the proceeds of such life insurance policy or policies. The Defendant shall provide the Plaintiff with proof that said insurance is in full force annually as long as such coverage is required. CT Page 10501
 (b) In the event that the Defendant retires from West Hartford Fire Department and does not designate the Plaintiff as his irrevocable 50% contingent annuitant, the face amount of said life insurance may decline at the rate of $2,000 per year for the first 5 years from the date hereof, $4,000 per year for the next 10 years, $7,500 for the next 5 years and $5,000 per year thereafter.
 (c) The Plaintiff shall maintain the life insurance on her own life which she currently has in the approximate amount of $62,500.00 with the children named as primary irrevocable co-beneficiaries and the Defendant will name the children as contingent beneficiaries on the life insurance he currently has on his own life until AMANDA reached the age of 22 or graduates from college, whichever is sooner, provided that each party may choose to name a Trustee for the benefit of the children or to name his or her own estate as beneficiary provided that his or her will directs that such proceeds be held in trust for the benefit of the children until age 22 and that the principal of such trust may be invaded as necessary in order to meet the testator's child support obligations as of his or her date of death. Each party shall be entitled to a copy of the other's policy or policies, certificate or other instruments evidencing such irrevocable designation of the children, and each party shall execute and deliver all forms, instruments and documents which may be required and which may be appropriate or suitable so that the children shall be such irrevocable co-beneficiaries to the extent hereinbefore set forth.
 (d) Neither party shall borrow against said policy or policies or pledge or hypothecate them in any way which reduces the face amount of the insurance.
 (e) Any dividends on said policy or policies shall belong exclusively to the insured party and each shall be entitled either to receive said dividends or to use the same in reduction of premium.
(f) In the event that either party shall not have maintained the policy or policies as herein required or have reduced said policies by borrowing against the cash value, such insurance as may not be in effect at CT Page 10502 the time of death shall be a charge against said party's estate."
The defendant claims that he had the option to do either 8 or 14. He intentionally failed to name his former wife as a contingent annuitant upon his retirement. The court finds he is in contempt and his contempt is willful.
ORDERED:
1. The defendant shall pay to the plaintiff the sum of $68,000 which represents the present value of the contingent annuity feature of the defendant's pension. Payment of said amount shall be made in two (2) equal installments on December 7, 2000 and April 7, 2001.
2. Within sixty (60) days the defendant shall pay to the. plaintiff the sum of $400 which represents the cost to the plaintiff for her expert, Robert Martocci.
3. Within sixty (60) days the defendant shall pay to plaintiff's counsel the sum of $5,000 for attorney's fees incurred by the defendant in connection with this motion.
4. The defendant shall forthwith comply with the provisions of Paragraph 14 of the agreement.
Caruso, J.